# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELVIN LEE MARION, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil No. 06-799-MJR-PMF |
| DARLENE A. VELTRI, et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the Court is defendants' motion for summary judgment (Doc. No. 33). Plaintiff is proceeding on a *Bivens* claim for damages, pertaining to the conditions of his former confinement at FCI-Greenville. He claims that the defendants responded with deliberate indifference to his serious medical need for special footwear as treatment of an orthopedic ailment between August 9, 2000, and November 17, 2004. The defendants seek dismissal of any claim other than a claim related to soft shoes on the ground that plaintiff did not exhaust his administrative remedies. They also seek dismissal of the footwear claim on the ground that it is barred by the 2-year statute of limitations. The motion is opposed (Doc. No. 38).

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The facts presented are construed in the light most favorable to the non-moving party and all reasonable and justifiable inferences are drawn in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). To survive a summary judgment motion, the opposing party must set forth specific facts

showing that there is a genuine issue for trial. *Vanasco v. Nat'l-Louis Univ.*, 137 F.3d 962, 965 (7th Cir.1998)

## I. Failure to Exhaust Administrative Remedies

Defendants argue that plaintiff failed to exhaust administrative remedies on any claim other than a request for soft shoes. Because plaintiff filed this action after the effective date of the Prison Litigation Reform Act, the following amendment to the Civil Rights of Institutionalized Persons Act applies to this case:

> No action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Bureau of Prisons has an administrative remedy procedure. Inmates may make informal complaints to a counselor, file an administrative complaint with the warden, and appeal any adverse decision to the regional commissioner and general counsel. 28 C.F.R. Pt. 542.

The materials on file show that plaintiff followed the administrative remedy procedure with respect to his claim that the defendants responded with deliberate indifference to his serious medical need for treatment of a foot ailment. In June, 2004, the final step was completed regarding allegations of "insufficient medical care to address [plaintiff's] foot condition" (Doc. No. 33-3, -. 30). The Court is not aware that plaintiff is proceeding on any other claim for relief. Accordingly, this argument is moot.

## II. Statute of Limitations

Defendants also argue that plaintiff's deliberate indifference claim regarding orthopedic footwear is barred by the applicable 2-year limitations period. The parties agree that 2 years is the

proper restriction. However, they disagree as to the correct starting date. Defendants suggest that the period started running on June 28, 2004, the date the general counsel responded to an administrative remedy appeal with the indication that plaintiff was scheduled to see an orthopedic specialist. Plaintiff believes the correct starting date is October 17, 2004, the date he received confirmation of his claim from Dr. Gitersonke.

In general, a federal claim accrues for statute of limitations purposes when plaintiff knew or had reason to know of the injury that forms the basis of his action. *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir.1994). Here, plaintiff can show that his medical need for orthopedic shoe permit was confirmed by Dr. Gitersonke on October 17, 2004. Moreover, a claim of deliberate indifference to a serious medical need is a continuing violation. As such, the claim accrues when the defendant has notice of the untreated condition and ends when treatment is provided or the inmate is released. *Heard v. Sheahan*, 253 F.3d 316, 318-19 (7th Cir.2001). The materials on file would support a finding that plaintiff received orthopedic shoes on November 17, 2004. He signed his Complaint on October 10, 2006, which falls within the 2-year period. Accordingly, this argument for dismissal lacks merit.

### III. Conclusion

IT IS RECOMMENDED that defendants' motion for summary judgment (Doc. No. 33) be DENIED.

**SUBMITTED:  February 2, 2009**

*s/Philip M. Frazier*
**PHILLIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**